**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ST. ANNE'S DEVELOPMENT
COMPANY, LLC,

                Plaintiff,

                                         **REPORT AND**
                                         **RECOMMENDATION**

          - against -                        CV 08-1730 (TCP) (AKT)

GORDON A. LENZ, ,

                Defendant.
------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    <u>PRELIMINARY STATEMENT</u>

       On June 15, 2011, Defendant Gordon A. Lenz filed, for the first time in this action, a

demand for a trial by jury.  Shortly thereafter, Plaintiff moved to strike the jury demand as

untimely.[1]  This motion has been referred to me by Judge Platt.  After considering the parties'

papers and the relevant case law, I respectfully recommend to Judge Platt that Plaintiff's motion

to strike Defendant's jury demand be GRANTED.

II.    <u>BACKGROUND</u>

       Plaintiff commenced this tortious interference with contract action in Federal Court on

April 29, 2008.  A First Amended Complaint was subsequently filed on August 13, 2008.  After

Defendant unsuccessfully moved to dismiss the Amended Complaint, he filed an Answer on

---

[1] Plaintiff also requested that Defendant and his counsel be ordered to pay the legal fees
incurred by Plaintiff in making this motion.  However, Plaintiff has since withdrawn this request.

November 2, 2009.  Neither the Answer nor any other document filed with the Court prior to June 15, 2011 demanded a trial by jury.  However, on June 15, 2011, Defendant filed with the Court his formal demand for a trial by jury.  Plaintiff's counsel responded with a motion to strike on the grounds that the jury demand is untimely.

In response to Plaintiff's motion, Defendant puts forth the following two arguments: (1) this action will be tried together with the *AP Links* action filed under Civil Docket 08-3602, whereby a timely jury demand was filed; and (2) permitting a jury trial in this case is still proper under Rule 39(b) of the Federal Rules of Civil Procedure.  In addition, Defendant suggests that even in the event the Court grants Plaintiff's motion to strike, an advisory jury pursuant to Fed. R. Civ. P. 39 (c)(1) would be appropriate in this action.

## III.    DISCUSSION

The Court finds Defendant's first argument to be without merit.  This Court explicitly ruled on June 3, 2011, that "Attorney Batista has waived his right to move to consolidate" due to his failure to pursue consolidation over the course of this litigation.  Ironically, Defendant's counsel maintains, in apparent disregard of this Court's June 3 Order, that "it is obvious that this action and the *AP Links* Action will be tried together" and counsel goes on to list the reasons why he believes consolidation is warranted.  Simply put, this ship has sailed.

However, Defendant's argument as to Rule 39 warrants further attention.  Rule 38(b) of the Federal Rules of Civil Procedure requires a party seeking a jury trial to submit a demand in writing "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).  If a demand is not timely served, a party waives its right to a jury trial.  Fed. R. Civ. P. 38(d).  Notwithstanding Rule 38, if a jury trial is not properly demanded, Rule 39 provides that

"the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "Although the language of Rule 39 itself 'does not articulate any restriction on the district court's discretion . . . decisional law has imposed limitations.'" *Rupolo v. Oshkosh Truck Corp.*, 749 F. Supp. 2d 31, 46 (E.D.N.Y. 2010) (quoting *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983)). In *Noonan v. Cunard S.S. Co.*, 375 F.2d 69 (2d Cir. 1967), the Second Circuit noted that prior decisions "had placed a gloss upon the Rule" whereby "mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)." *Noonan*, 375 F.2d at 70. In light of this precedent, the Second Circuit noted that "[t]he effect of such a continued and consistent course of decision is to narrow the allowable scope of discretion; the area open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief." *Id.*

As an initial matter, the Court notes that Defendant failed to abide by the requirements of Rule 39. Instead of moving to seek leave to file an untimely demand for a jury trial, it unilaterally filed the demand. Nevertheless, Defendant contends that in deciding whether a court should grant an untimely jury request, it should consider the factors identified by the court in *National Union Fire Insurance v. L.F. Meyers Co.*, 928 F. Supp. 394 (S.D.N.Y. 1996). These factors include "(1) whether the issue in the case is on traditionally triable by jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial; and (3) whether the opposing party would be unduly prejudiced should the Court permit a jury trial." *Nat. Union*, 928 F. Supp. at 397.

After considering the relevant case law, the Court concludes that any analysis involving the above factors would be a misapplication of the law. The very case Defendant relies on acknowledges that "[t]wo distinct lines of cases govern the scope of a court's discretion to grant relief under Rule 39(b)." *Id.* at 396. In fact, the Court of Appeals in *Cascone* distinguished its earlier *Noonan* decision and provided the district courts with a somewhat relaxed standard to apply in cases that are removed from state court. *See Cascone*, 702 F.2d at 392. Therefore this relaxed standard, consisting of weighing the factors Defendant urges this Court to consider, only applies to those cases which are removed from State Court. *See e.g.*, *Cascone*, 702 F.2d at 392 ("In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong."); *Rupolo*, 749 F. Supp. 2d at 46 (finding that the "judicial gloss" does not prohibit a Rule 39(b) motion in cases in which a state action was removed to federal court, and the plaintiff inadvertently failed to demand a jury trial"); *Avne Sys., Ltd. v. Marketsource Corp.*, 191 F.R.D. 56, 57 (S.D.N.Y. 2000) ("[I]n the case of removed actions greater leniency is accorded so as to take account of the vagaries of state practice and the unfamiliarity of many state court practitioners with federal practice."). In light of the fact that this case was brought in *federal* court and inadvertence is the only apparent explanation for the untimeliness of Defendant's demand, the inquiry respectfully ends there. *See Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (finding that inadvertence in failing to make a timely demand does not satisfy Rule 39(b)).

Lastly, this Court takes no position on Defendant's suggestion that an advisory jury would be an appropriate alternative should Plaintiff's motion be granted. For one, Defendant has not formally moved for this relief pursuant to Fed. R. Civ. P. 39(c). While a court may, on its

own, try any issue with an advisory jury, this Court will not be the one presiding over the trial of this matter. Second, it must be noted that Judge Platt only referred to this Court Plaintiff's motion to strike the Defendant's jury demand.

**IV.** **C**ONCLUSION

Based on the foregoing reasons, I respectfully recommend to Judge Platt that Plaintiff's motion to strike Defendant's jury demand be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, any objections to this Report and Recommendation must be filed within fourteen (14) days of service. Each party has the right to respond to the other's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 6, 72. All objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Thomas C. Platt. Any request for an extension of time for filing objections must be directed to Judge Platt prior to the expiration of the period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
         September 2, 2011

                                                    /s/ A. Kathleen Tomlinson
                                                    A. KATHLEEN TOMLINSON
                                                    U.S. Magistrate Judge